UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL R. SANTIAGO, SR.,

        Plaintiff,                      Case No. 1:07-cv-1156

v.                                                Honorable Richard Alan Enslen

JENNIFER GRANHOLM, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I. Factual allegations

Plaintiff Michael R. Santiago, Sr., presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Ionia Maximum Correctional Facility (ICF). He sues Governor Jennifer M. Granholm, Attorney General Michael Cox, Eaton County Prosecutor Jeffrey L. Sauter, and other unknown parties for conspiring to pass legislation criminalizing the filing of a knowingly false or fraudulent lien against a public official. *See* MICH. COMP. LAWS 440.9501(6) (Westlaw through 2004 legislation).

In his complaint, Plaintiff argues that the statute is unconstitutional because it criminalizes protected First Amendment conduct. He argues that the statute was improperly adopted under the Michigan Constitution, Mich. Const. 1963, art. 4 § 33, which requires that the governor sign and file within 14 days with the Secretary of State any legislation submitted to her by the legislature. He further contends that the statute is void for vagueness and is overbroad. He claims that he was injured, in violation of his First Amendment right to petition the government, when he was arrested and prosecuted for violation of the statute and when he was subjected to an excessive bond until he discharged the liens he had filed. He further alleges that he suffered emotional distress when both his wife and son were brought before the court, allegedly in retaliation for Plaintiff's filing of liens.

In an attached affidavit, Plaintiff clarifies some of the vague allegations of his complaint. According to Plaintiff, he was "attacked" at his home by officers on September 13, 2005. Plaintiff alleges he was falsely arrested on the misdemeanor charge of misusing of the 911 system, apparently arising out of a false noise complaint. He posted bond of $100.00 on the offense.

Several weeks later, the prosecutor filed a charge of assaulting, resisting or obstructing a police officer causing injury, in violation of MICH. COMP. LAWS § 750.81d(2). Plaintiff alleges that he was held on an excessive bond on the felony charge until he dropped certain liens he had filed on August 23, 2005, against various state officers, including the prosecutor who charged him. Plaintiff eventually entered a plea on the resisting and obstructing charge, and he was sentenced on June 16, 2007, to a term of imprisonment of one year and eleven months to four years.

While he was still in the custody of the MDOC on the resisting or obstructing charge, Plaintiff was charged with knowingly filing a fraudulent lien against a public official, in violation of MICH. COMP. LAWS § 440-9501(6). The charge apparently arose out the liens filed by Plaintiff on August 23, 2005. Plaintiff attaches to his complaint the judgment of sentence entered by the Eaton County Circuit Court on October 11, 2007, which reflects that he pleaded nolo contendere to the charge under MICH. COMP. LAWS 440.9501(6), and that the court found him guilty of both that offense and of being a fourth habitual offender under MICH. COMP. LAWS § 769.12.

Plaintiff alleges that, because he was in MDOC custody when he was charged with the fraudulent lien charge, he was unable to properly defend himself on the fraudulent lien charge. Specifically, he argues that, the MDOC's policy prohibiting prisoners from possessing UCC-related materials, *see* MICH. DEP'T OF CORR., Policy Directive 05.03.118(HH)(23) (eff. Jan. 1, 2006), was mis-applied to prevent him from receiving copies of the liens he had filed on August 23, 2005, which formed the basis for the felony charge. He therefore alleges that he was "forced" to plead guilty to the offense because he could not defend himself.

Plaintiff seeks no relief for the allegedly improper application of the prison mail policy. Instead, Plaintiff seeks a declaration that MICH. COMP. LAWS 440.9501(6) is

unconstitutionally vague and overbroad and that Defendants, by conspiring to adopt the statute, impermissibly abridged his First Amendment right to petition the government for redress. He also seeks a declaration that the statute was passed unconstitutionally and violates his and other citizens' rights under the Tenth Amendment. He seeks to enjoin the enforcement of the statute, as well as to "enjoin[] Defendants', their agents/employees from engaging in further retaliatory acts in the future against Plaintiff exercising Constitutionally protected conduct." In addition, Plaintiff seeks compensatory and punitive damages for his injuries.

## II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff essentially challenges his prosecution and conviction by the State of Michigan under MICH. COMP. LAWS § MICH. COMP. LAWS 440.9501(6), on the grounds that the statute is unconstitutional. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an

attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges the fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of his constitutional rights, his claim is barred by *Heck*, 512 U.S. 477. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction by questioning the constitutionality of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

Although Plaintiff's complaint also mentions that Defendants, by permitting the MDOC to mis-apply MDOC Policy Directive 05.03.118(HH)(23), continue to act in furtherance of

their conspiracy, he nevertheless fails to state a claim for relief on that basis. First, Plaintiff seeks no relief related to the alleged MDOC policy violations. As a result, he fails to articulate an actionable claim.

Second, Plaintiff fails to allege any direct conduct by the named Defendants in the alleged mis-application of policy. A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). Plaintiff must establish that Defendants were personally involved, or that they otherwise encouraged or condoned the action of the offending employees. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976) and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). There must be more than merely a right to control employees.[1] Plaintiff must show that at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff fails to allege any facts that show either that Defendants encouraged or condoned the conduct of the officers, or that they authorized, approved or knowingly acquiesced in the conduct. Because Plaintiff's § 1983 action is premised on nothing more than respondeat superior liability, his action fails to state a claim. *Copeland*, 57 F.3d at 481.

---

[1] In fact, Plaintiff fails to allege that the Governor, the Attorney General or the Eaton County Prosecutor had any right to control the conduct of MDOC personnel in applying a MDOC policy directive.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date:  January 8, 2008              /s/ Ellen S. Carmody
                                    ELLEN S. CARMODY
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).