UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL R. SANTIAGO SR.,

    Plaintiff,

Case No. 1:07-CV-1156

v.

Hon. Richard Alan Enslen

JENNIFER M. GRANHOLM, *et al.*,

**JUDGMENT**

    Defendant.

_____/

    This matter is before the Court on Plaintiff Michael R. Santiago Sr.'s Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 8, 2008. She has recommended, upon screening, that the Court dismiss the instant civil rights lawsuit due to failure to state a claim. *See* 28 U.S.C. § 1915(e)(2), 1915A; 42 U.S.C. § 1997(e)(c). This Court now reviews the Report and Recommendation, the Objection and the pertinent portion of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    In determining whether a complaint fails to state a claim, the Court construes the allegations of the Complaint in a light most favorable to Plaintiff, accepts the allegations as true, and determines whether Plaintiff can prove any set of facts in support of his claims that would entitle him to relief. *Turker v. Ohio Dep't of Rehab. & Corr.,* 157 F.3d 453, 456 (6th Cir. 1998); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Rule 12 requires only a "short and plain statement of the claim" and not detailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). This standard is not empty, however. The complaint "'must contain

either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (emphasis in original, quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The district court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Upon review of the allegations, the Court concludes that the Report and Recommendation should be adopted and the claims dismissed for the reasons given therein. The Objections do, however, warrant one further comment. Plaintiff has argued that the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994) does not bar his suit because the criminal sentence which is the subject of his lawsuit (for filing false liens against public officials) has already been discharged and Plaintiff is now incarcerated on separate charges. The basis for this argument is the opinion of a minority number of the justices, expressed in a concurrence in *Spencer v. Kamma*, 523 US 1, 19 (1998) (Justice Souter concurring). The same justices expressed this minority opinion in *Heck.* Notwithstanding, the majority and controlling opinion in *Heck* is that the favorable termination of the criminal proceedings, either on direct appeal or in a later habeas action, is an essential element of a claim brought by a prisoner suing on the basis of his criminal conviction. *Heck*, 512 U.S. at 589. Indeed, the majority in *Heck* expressly recognized that this rule would foreclose relief under 42 U.S.C. section 1983 after prisoners complete their sentences without habeas relief, but nevertheless determined that the rule "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.* at 490 n.10. Because this holding is controlling, it has been followed by the Sixth Circuit Court of Appeals. *See Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995);

*Summers v. Leis*, 368 F.3d 881, 891 (6th Cir. 2004).  Accordingly, the Court adopts the Report in its entirety.

For the reasons given here and in the Report and Recommendation, the Court also discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Michael R. Santiago Sr.'s Objections (Dkt. No. 8) are **DENIED**, the Report and Recommendation (Dkt. No. 7) is **ADOPTED**, and all Plaintiff's claims are **DISMISSED** due to failure to state a claim.

**IT IS FURTHER ORDERED** that this dismissal counts as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of the Judgment would not be taken in good faith.

```
                                         /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:                 RICHARD ALAN ENSLEN
     January 23, 2008                   SENIOR UNITED STATES DISTRICT JUDGE
```